UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, <br><br> Plaintiff, <br><br> v. <br><br> LEGALON TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 22-cv-07627-TLT (AGT) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. No. 52 |

This order resolves the disputes the parties raised in their April 27, 2023, joint statement.

1. <u>Deposition Dispute</u>

Plaintiff has asked the Court to compel four depositions. As the party seeking to compel, plaintiff bears the burden of establishing that the requested discovery is relevant. *See Ellis v. J.P. Morgan Chase & Co.*, No. 12-CV-03897-YGR (JCS), 2014 WL 1510884, at *3 (N.D. Cal. Apr. 1, 2014). Plaintiff hasn't met this burden.

For three of the persons to be deposed, plaintiff has done no more than name them. Plaintiff hasn't explained how discovery from them would be relevant to "the issues raised in the motion to dismiss," which is currently the permitted scope of discovery. Dkt. 48, Order.

The fourth person plaintiff seeks to depose, Daniel Lewis, is defendant's CEO. Plaintiff seeks to depose Lewis as a 30(b)(6) witness, and defendant isn't opposed to the idea. *See* Dkt. 52 at 3 (admitting that "[a] 30(b)(6) deposition would make sense"). Yet defendant contends that the noticed topics aren't reasonably tailored, *see id.*; and here again, plaintiff hasn't met its burden as the party moving to compel. Plaintiff hasn't identified the noticed topics, or meaningfully responded to defendant's critique that the noticed topics are overbroad. On the current record, the Court cannot tell whether the noticed topics are relevant to "the issues raised in the

motion to dismiss." Dkt. 48.

Plaintiff's motion to compel is denied without prejudice. Plaintiff may file an amended request to compel one or more depositions, but plaintiff must do so in another joint statement and must explain why the depositions and the noticed topics seek discovery relevant to "the issues raised in the motion to dismiss." Dkt. 48. Before the parties file any renewed request, they must meet and confer again to attempt to resolve their dispute without Court intervention.

    2.    <u>Protective Order Dispute</u>

The parties intend to stipulate to a model protective order, but they disagree about which model order best fits the needs of the case. Plaintiff wants to use the one-tiered protective order for standard litigation, while defendant insists on using the two-tiered protective order for cases involving highly sensitive information. *See* Dkt. 52 at 2–4; *see also https://www.cand.uscourts.gov/forms/model-protective-orders/*.

Because the parties are alleged to be competitors, *see, e.g.*, dkt. 21, FAC ¶ 161, the two-tiered protective order is preferable. It will allow the parties to mark sensitive competitive information as "highly confidential," which will narrow the universe of persons with whom such information can be shared. Whether any material will warrant the "highly confidential" designation remains to be seen. But the Court agrees with defendant that the parties should at least have the option to use that designation.

By May 3, 2023, the parties must submit a proposed version of the two-tiered protective order. When they do so, "they must file with the proposed order either (i) a statement in which they confirm that the proposed protective order doesn't differ in any respect from the model order, or (ii) a redline comparing the proposed protective order with the model order, along with an explanation of any changes." AGT Civil Standing Order § VII.C.

**IT IS SO ORDERED.**

Dated: April 28, 2023

                                            Alex G. Tse
                                            United States Magistrate Judge