Raj V. Abhyanker, California SBN 233284
raj@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731
Facsimile: (650) 989-2131

Attorney for Plaintiff,
LegalForce RAPC Worldwide P.C.

David A. Makman (SBN# 178195)
david@makmanlaw.com
Law Offices of David A. Makman
483 Seaport Court, Suite 103
Redwood City, CA 94063
Tel.: 650-242-1560
Attorney for Defendant
LegalOn Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEGALON TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | CASE NO. 3:22-cv-07627-TLT-AGT<br><br>**JOINT STATEMENT REGARDING PROPOSED TWO-TIER PROTECTIVE ORDER**<br><br>Judge:　　　Hon. Alex G. Tse<br>Crtrm.:　　　9<br>Action Filed:　December 3, 2022 |

**JOINT STATEMENT**

•   **ATTESTATION OF MEET AND CONFER**

Plaintiff LegalForce RAPC Worldwide, P.C. (Plaintiff) and Defendant LegalOn Technologies, Inc. ("Defendant") (collectively, the "Parties") met and conferred via email on May 2, 2023, and a telephonic follow up on May 3, 2023, but could not reach an agreement on the discovery dispute submitted herein. Defendant's proposed order is provided as Exhibit A, with a redline at Exhibit B. Plaintiff's proposed order is provided as Exhibit C, with no Redline.

•   **FACTUAL BACKGROUND**

On April 28, 2023, this Court issued an order to resolve the disputes the parties raised in their Joint Statement, dated April 27, 2023. One of the disputed issues was whether Plaintiff's one-tiered protective order for standard litigation or Defendant's two-tiered protective order for cases involving highly sensitive information would govern this action.

In relevant part, this Court found that: "Because the parties are alleged to be competitors, *see, e.g.*, dkt. 21, FAC ¶ 161, the two-tiered protective order is preferable. It will allow the parties to mark sensitive competitive information as 'highly confidential,' which will narrow the universe of persons with whom such information can be shared." As such, the Court ordered the Parties to submit a proposed version of the two-tier protective order by May 3, 2023. Given the Parties' divergent views on the form of the two-tier protective order, this joint letter follows.

- **THE PARTIES' POSITIONS**

  - Plaintiff's Position

- Plaintiff's Protective Order is the exact same as for the United States District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Rules") without modification. The Plaintiff has numerous patent rights, some of which could conceivably be incorporated into this litigation at some point. For example, Raj Abhyanker is the inventor of more than 30 issued U.S. patents. Therefore, aspects related to patents should remain.
- The amendments proposed by the Defendant's are custom designed to increase the costs of this litigation. Plaintiff is a self-funded entity which has raised no outside venture capital. In contrast, Defendant is a well funded company which has advertised it has raised over $130 million in venture capital. The Defendant's proposed edits would require the Plaintiff to secure outside counsel for many aspects of this litigation, because even documents designated as CONFIDENTIAL would require outside counsel. Documents marked as CONFIDENTIAL are not competitive trade secrets requiring disclosure only to outside counsel. Plaintiff is amenable to having outside counsel to be the custodian and review/as questions if needed at depositions and at trial on HIGHLY CONFIDENTIAL matters as a compromise, but the unnecessary need to involve outside counsel for routinely marked CONFIDENTIAL documents is unfair and prejudices the Plaintiff by unnecessarily increasing the costs of this litigation.

•       It goes without saying the instant dispute is not a trade secret case today.  Rather, it is a standard trademark infringement and cyberpiracy case - predicated on *public* use in commerce and *non-confidential* registration and redirection of domain names.  The issues and actions involved in this case do not implicate HIGHLY CONFIDENTIAL information except for the damages phase and for identification of customers who are already not otherwise known to the Plaintiff.

•       Moreover, the Defendant claims that they do not compete with the Plaintiff.   For at least these reasons, Plaintiff proposes that the Court limit the protective order to the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Rules") without modification.

- **Defendant's Position**

Defendant's Protective Order is based on the United States District Court for the Northern District of California's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model Rules") and incorporates certain modifications that are essential to protect Defendant's highly confidential, proprietary and trade secret information and materials from disclosure to Plaintiff—a self-avowed competitor to Defendant—and Plaintiff's lead counsel, Founder and CEO.

While "the Local Rules do not require the parties to use any of the model protective orders and counsel may stipulate to or move for another form of protective order,"[1] Defendant has sought to minimize the deviation from the Model Rules. Many of the proposed revisions are simply made to clarify ambiguous terms or language or to add more detailed procedures to prevent controversy and lead to more orderly resolution of issues so that the parties can avoid motion practice. Such revisions are warranted because this litigation has been unnecessarily contentious and expensive as Plaintiff's counsel has not understood (or refused to comply with) basic aspects of civil procedure. Others are made to substantively protect Defendant's legitimate interest to keep its highly confidential information and trade secrets from being produced directly to its purported competitor.

Given the dubious nature of Plaintiff's claims and history of litigation against other purported legal tech competitors, the litigation here appears to be a mere pretext to engage in a fishing expedition for competitor information. Defendant's Protective Order seeks to limit such abusive practices.

Defendant's requested modifications to the Model Rules are as follows:

---

[1] *See*, cand.uscourts.gov/forms/model-protective-orders/ (last accessed on May 2, 2023).

(1) Paragraph 2.2: Clarifies the definition of "CONFIDENTIAL" to provide explicit examples of information that would qualify for CONFIDENTIAL treatment. [This would include trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical and/or proprietary information comprising, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties) and privileged information.] This addition is intended to provide clear notice of what information is subject to "CONFIDENTIAL" treatment and its inclusion should make disputes less likely. Defendant hopes to avoid the same types of disputes over the scope of confidentiality that have arisen in the action against Kabushiki Kaisha LegalOn Technologies ("LegalOn Japan"), which involve the same counsel as here.

(2) Paragraph 2.7: Adds language to the definition of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"[2] to clarify that the Designating Party may use this designation when it reasonably believes that disclosure of information would lead to a significant harm or injury to the reputation and/or business of the Designating Party or provide improper advantage to others. We expect similar (if not identical) discovery requests to be propounded here as in the action against LegalOn Japan. There, Plaintiff served at least 93 requests for production, 24 interrogatories and 6 requests for admissions. [3] Those discovery requests seek CONFIDENTIAL or HIGHLY CONFIDENTIAL information such as confidential investor information, trade secret customer lists, customer PII, internal confidential business strategy, internal confidential business finances, communications with legal counsel, and contracts with third parties that may contain confidential designations. This modification is necessary to prevent such highly sensitive business strategies, financial information, and intellectual property, which is vital to Defendant's operations and competitiveness, from being disclosed to Plaintiff's lead counsel who is also Plaintiff's Founder and CEO. *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (stating

---

[2] The change from "Attorney's Eyes Only" to "Counsel's Eye's Only" is stylistic.
[3] *See* Dkt. 79, Specially Appearing Def.'s Mem. of Points and Authorities in Opp. to Pl.'s Mtn. to Compel Written Discovery on Jurisdictional Issues, *LegalForce RAPC Worldwide, P.C v. LegalForce, Inc.*, Case 3:22-cv-03724-TLT (N.D. Cal.).

that where counsel "is involved in 'competitive decision making' the risk of disclosure may outweigh the need for confidential information") (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)). Further, based on experience litigating against Plaintiff in the LegalOn Japan matter, such clarification will lessen the possibility of disputes and curtail the need for Court intervention.

The above modifications create no prejudice as to Plaintiff because the onus will be on the Designating Party (*i.e.*, Defendant) to justify and defend any designation, whether "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." *See Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc*., No. C 09-5376 JF (PVT), 2010 WL 2889178, at *1 (N.D. Cal. July 22, 2010) (entering proposed protective order as it included procedures to ensure that parties are not improperly given "carte blanche" to designate information). Moreover, Defendant's Protective Order includes mechanisms for Plaintiff to challenge any such designation. *See Hernandez v. Syncrasy*, Case No. 21-cv-09212-CRB (LJC), 2023 WL 2600452, at *3 (N.D. Cal. Mar. 21, 2023) (accepting deviation from Model Order definition where proposed protective order included mechanism for challenging confidentiality designations).

(3) Paragraph 6.3: Modifies the procedure for challenging confidentiality designations. The proposal seeks to limit the number of challenges to streamline the discovery process, diminish discovery-related costs, and prevent the parties from running to the court every time there is a challenge.

(4) Paragraph 7.2: Removes optional language related to the procedure applicable to "Designated House Counsel" and treatment of "Source Code." Adds language to include other individuals that would be required to execute the "Acknowledgment and Agreement to Be Bound," (Exhibit A to the Protective Order), such as mediators, mock jurors, and individuals participating in depositions, and provides reasonable precautions to deal with the treatment of confidential documents during and after depositions. This is commonly used and typical language that explains who can have access to confidential information and on what terms, including the appropriate procedures for using confidential information at deposition.

(5) Paragraphs 8 and 9: Removes optional "Prosecution Bar" and "Source Code" language, as they are not applicable to trademark infringement suits.

(6) Paragraph 11: Adds claw back procedures for inadvertent disclosures. This modification is necessary to prevent any uncertainty and needless motion practice if a party inadvertently discloses information subject to privilege.

(7) Paragraph 14: Adds penalties for violation of the proposed Protective Order to underscore the importance of the confidentiality obligations contained therein, especially given the highly confidential, proprietary and trade secret information and materials expected to be produced here.

Dated: May 3, 2023

Jointly submitted,

By: */Raj Abhyanker/*
Raj V. Abhyanker California State Bar No. 233,284
*Attorney for Plaintiff*
LEGALFORCE RAPC WORLDWIDE P.C.

By: */s David Alan Makman /s*
David A. Makman
Law Offices of David A. Makman

*Attorneys for Defendant*
LEGALON TECHNOLOGIES, INC